## F. W. Schilling v. The State of Texas.

### No. 230.

**1. Public Lands—Right to Acquire for Homestead by Purchase.** The State having sued a purchaser for land for nonpayment of interest, S. intervened and claimed it as a bona fide settler, intending to purchase it for a homestead. His petition did not show that the land had ever been restored to the school fund by the filing of the copy of the judgment of forfeiture, nor that the lands were ever classified or appraised, nor that he had made application for the purchase of it. He only states that he was an actual settler thereon in good faith, with intent and purpose to make the land a homestead by purchase, and that he had tendered to the Treasurer one-fortieth of its value. The petition is fatally defective, and demurrer to it was rightly sustained.

**2. Right to Pay for School Land Purchased After Suit to Forfeit.**—September 9, 1892, the State sued Page, the purchaser, for the title and possession of a section of land he had purchased, upon the ground of nonpayment of purchase money. October 12, 1892, the El Campo Land Company intervened, claiming to be the owners of the land by purchase from Page, and to have paid the balance of the purchase money and interest to the State. November 10, under instruction from the State Treasurer, notifying him of the payment of the full amount of the purchase money and interest, the case was discontinued by the district attorney, and judgment rendered in favor of the El Campo Company for title and possession. *Held*, failure to pay interest when due does not ipso facto work a forfeiture. We do not think that the statute does more than to require the payment of the money in the manner prescribed, before the case has been called for trial.

**3. Same — Object of Ascertaining Forfeiture in the Courts. —** It was no doubt the intention of the Legislature in requiring the forfeiture to be ascertained in the District Court, to afford the purchaser the opportunity of obtaining such equitable relief as he might show himself entitled to; and a familiar principle of equity is, that the vendee be allowed to complete his purchase by payment of the balance of the purchase money and interest.

Appeal from Wharton. Tried below before Hon. John A. Ballowe, Special Judge.

*John E. Linn*, for appellant.—1. The payment of the purchase money and interest in accordance with the law was a condition precedent to the

acquisition of any title or right in the land from the State; and breach of the condition by him on whom the burden rested left the parties in the same attitude as if no purchase had been made, and the actual possessor has superior rights of purchasing under existing laws as against him who committed the breach while out of possession. Perez v. Canales, 69 Texas, 678; The State v. Opperman, 74 Texas, 140; Martin v. McCarty, 74 Texas, 132; Gen. Laws, 1887, pp. 83–91.

2. The title of the State can not pass except by legislative grant or by patent signed by the proper authorities in obedience to law; and the failure to perfect an inchoate right to land by noncompliance with the law of the grant can not be remedied except by legislative action. The authority extends to no other department of government. Saunders v. Hart, 57 Texas, 10; Alexander v. The State, 56 Ga., 486; Const., art. 4, sec. 23, art. 2, sec. 1.

3. Without a literal compliance with the statute regulating sales of public school land, the purchaser acquired no right, either inchoate or equitable, that can be enforced against one in possession. Const., art. 7, sec. 4; Martin v. McCarty, 74 Texas, 135; The State v. Opperman, 74 Texas, 137; Perez v. Canales, 69 Texas, 676.

*G. G. Kelly,* for appellee.—1. The contract of sale between the State and the purchaser of school land under the Act of July 8, 1879, and Act of April 6, 1881, vested in the purchaser an equitable estate, upon condition subject to forfeiture at suit of the State on failure to pay the annual installment of interest as required by said acts. And under section 7 of said acts the surveyor was not authorized to entertain another application to purchase said land until notified of the forfeiture, as provided in section 12 of said act. Acts 16th Leg., spec. sess., ch. 28, secs. 7, 12; Acts 17th Leg., ch. 105, sec. 7; Canales v. Perez, 65 Texas, 294; Perez v. Canales, 69 Texas, 676; Culbertson v. Blanchard, 79 Texas, 491; 1 Blacks. Com., 155, 279; 4 Kent's Com., 126, 127; 6 Laws. Rights and Rem., sec. 2760.

2. The purchaser under the Acts of July 8, 1879, and April 6, 1881, on complying with the requirements of said acts up to and including the payment of one-twentieth of the purchase money on the land purchased by him, acquired a vested right in the land so purchased, and his subsequent failure to pay the annual installment of interest constituted only ground for forfeiture; and the State, through her lawfully authorized agents, certainly had the right at any time before judgment to accept the balance due on the land and waive the forfeiture. Hamilton v. Avery, 20 Texas, 635; Milam County v. Bateman, 54 Texas, 154; Cattle Co. v. Bacon & Graves, 79 Texas, 5; Martin v. Brown, 62 Texas, 485; The State v. Snyder, 66 Texas, 687; Moore v. Giesecke, 76 Texas, 544; Scarborough v. Arrant, 25 Texas, 129; Schulenberg v. Harriman, 21 Wall., 44; San-

born v. Woodman, 5 Cush., 40; Gray v. Blanchard, 8 Pick., 284; 19 Am. and Eng. Encycl. of Law, 359.

3. The State had the right to waive the forfeiture at any time before judgment; and as between the defendant Page or his vendees and intervenor Schilling, the State having waived the forfeiture, this was a collateral proceeding, and must be treated as if no ground of forfeiture existed, unless there had been a judgment so declaring. Acts 16th Leg., spec. sess., pp. 25, 26, ch. 28, secs. 7, 12; Acts 17th Leg., p. 121, ch. 105, sec. 7; Railway v. The State, 81 Texas, 595.

GARRETT, CHIEF JUSTICE.—The State of Texas filed a petition, by the district attorney for the Twenty-third Judicial District, in the District Court of Wharton County, September 9, 1892, against Frank Page, and alleged that on or about July 26, 1882, the defendant, in accordance with an act of the Legislature approved July 8, 1879, to provide for the sale of the school land, and of the acts amendatory thereof, approved April 6, 1881, and May 6, 1882, applied for the purchase of alternate section 46, surveyed by virtue of certificate 114 for the Washington County Railway Company, situated in Wharton County; that this application was duly recorded by the surveyor of said county, and the defendant executed and forwarded to the Treasurer of the State his obligation for the sum of $608, agreeing to pay the Governor of the State and his successors in office, on the first day of January of each year, one-twentieth of said sum, with interest on the full amount of the principal unpaid at the date of each payment of interest; and that said obligation and said application, and one-twentieth of the purchase money, to-wit, $32, were forwarded to the State Treasurer at Austin, and was by him received and receipted for, and said receipt and application were duly filed in the General Land Office on August 2, 1882, in accordance with law.

It was further alleged, that since March 1, 1888, the defendant had failed to pay interest, etc.; that the defendant had forfeited his claim to said land; and judgment was prayed for title and possession of the land, and that said sale and purchase be set aside, annulled, and declared forfeited.

Mary E. Kuykendall was also made a party defendant as claiming some interest in the land.

On October 12, 1892, the El Campo Land Company filed a petition in intervention, and claimed to be the owners of the land by purchase from the defendant Frank Page, and to have paid the balance of the purchase money and interest to the State.

On October 25, 1892, the appellant F. W. Schilling intervened in the suit. His first amended original petition in intervention was filed November 10, 1892. He alleged, that on the 9th day of September, 1892, he actually settled upon and occupied in good faith the said section 46 de-

scribed in plaintiff's petition, with the intent and purpose to make of said land a homestead by purchase under the acts for the sale of the public school lands of the State. Then followed allegations with respect to the purchase of the defendant Page, and his subsequent failure to pay the interest as alleged in the petition of the State, and averment that the said defendant had forfeited his right to the land, etc. He further averred, "that being advised of the forfeiture of said pretended purchase under the law by virtue of which said purchase was made, and being so advised of the status of said defendant's and intervenor's title, if any they have ever had, which this intervenor denies, from the records of the General Land Office and State Treasurer's office, the Commissioner of the General Land Office did, on September 3, 1892, in compliance with law, instruct the district attorney of the Twenty-third Judicial District to bring suit for possession of said tract of land, and for the ejectment of the defendant Page therefrom," etc.; and that if the El Campo Land Company had paid the balance of the purchase money, the receipt thereof by the officer of the State was unauthorized and void. Further, "that he is now, and has been since the 9th day of September, 1892, an actual settler in good faith upon said described tract of land, having tendered to the Treasurer of the State the sum of $32, being one-fortieth of the value thereof, together with his obligation for the remainder, as provided by law, which was refused until a copy of the judgment of ejectment was filed, as required by law. That there is not now and has never been any actual possession of said land either by defendant Page or any other person save your intervenor; and that he is actually residing thereon as his home, and desires to purchase same under the acts authorizing the sale of the public school lands of Texas." He also replied to the plea in intervention of the El Campo Land Company by a general denial and plea of not guilty.

To said petition in intervention the defendant Page and the El Campo Land Company demurred: (1) That the petition was insufficient in law, and showed no right, title, nor interest in the land in controversy as against any of the other parties to the suit. (2) Because it did not state in what particulars the defendant Page or the intervenors failed to comply with the law in acquiring title to the land in controversy.

The case was called for trial on November 10, 1892, when the demurrers of the defendant Page and the El Campo Land Company to the petition of intervention by Schilling were heard and sustained; and then the district attorney, in behalf of the State, by reason of instructions from the State Treasurer and the Commissioner of the General Land Office, notifying him of the payment by defendant of the full amount of the balance of the purchase money and interest due on the land in controversy since the institution of the suit, and requesting him to discontinue this suit, which appears from the recitals in the judgment, refused to prosecute any further against the defendant or the El Campo Land Company, and

judgment was entered in favor of such defendants; and Schilling having declined to amend, the El Campo Land Company was declared subrogated to the rights of the defendant Page, and judgment was rendered in its favor against all parties for the title and possession of the land.

The contention of appellant is, that the purchase became ipso facto forfeited by the failure of Page or of his vendees to make the payment of interest in accordance with the law; and that having settled on the land, and made application for the purchase and tendered the first payment and his note for the balance of the purchase money as required by law, he was entitled to recover the same.

The suit was instituted by the district attorney in accordance with section 12 of the Act of 1879 (Laws, page 26), under which the purchase was made, to have the forfeiture established. This section provides: "If, upon the 1st day of March following the maturity of any payment, the interest on money due has not been paid to the State Treasurer, and his receipt filed with the Commissioner of the General Land Office as provided in section 11 of this act, it shall be the duty of said Commissioner to notify the county or district attorney of the county in which such land is situated of such failure, giving the name of the purchaser so failing to make payment, with the amount and date of his note, and the amount of principal and interest due at the time of such failure; and upon the receipt of such notice it shall be the duty of the county or district attorney to cause a writ to be issued and served on the purchaser, or, in case of his death, upon his heirs or legal representatives, requiring him or them to show cause why he or they should not be ejected from such land; and upon his or their failure to show that the annual installments of interest have been paid as above provided, a judgment shall be rendered against him or them, and a writ of possession shall be issued in favor of the State. That a copy of such judgment, under the signature and seal of the clerk of the court rendering the judgment, shall be forwarded to the State Treasurer, who shall immediately endorse the obligation of such purchaser 'forfeited,' note the fact of such endorsement on the copy of judgment aforesaid, and forward the same to the Commissioner of the General Land Office. The said Commissioner shall file said copy of judgment with the claim of such defaulting purchaser, and shall note such forfeiture on the account kept with said purchaser, and shall notify the surveyor of the county in which said land is situated that said land is again for sale."

It was a suit, therefore, to have the forfeiture of the purchase declared, and for the restoration of the land to the State. Although the act declares that upon the failure of the purchaser to show that the annual installments of interest have been paid as provided, judgment should be rendered against him, we do not think that the proviso does more than

to require the payment of the money in the manner prescribed before the case has been called for trial.

The object of the statute was to sell the land and provide a fund for the common schools, and this purpose is made manifest by the subsequent laws declaring that there shall be no forfeiture for nonpayment of the principal and extending from time to time the payment of the interest. It was no doubt the intention of the Legislature in requiring the forfeiture to be ascertained in the District Court to afford the purchaser the opportunity of obtaining such equitable relief as he might show himself to be entitled to; and a familiar principle of relief belonging to equity is, that the vendee be allowed to complete his purchase by payment of the balance of the purchase money and interest. In submitting the matter to the courts it was not intended to deprive them of the exercise of the right to administer the same principles that apply to other cases coming within their jurisdiction.

We are furthermore of the opinion, that appellant's petition in intervention did not show that he had acquired any right to the land. Whatever rights he acquired arose under the Act of 1887, amended in 1889. Laws 1887, p. 83; Laws 1889, p. 50. His petition does not show that the land was ever restored to the school fund by the filing of the copy of the judgment of forfeiture as prescribed in the Act of 1879; it does not show that the lands were ever classified or appraised, nor, except inferentially, at what price the land was to be sold by the State, which is to be inferred only from the amount of the cash payment which it was alleged had been tendered. He does not even allege that he had ever made application for the purchase of the land. The only allegations in the petition of appellant to show his right to the land were, that he was an actual settler thereon in good faith, with the intent and purpose to make the land a homestead by purchase under the acts for the sale of the public school land, having tendered to the Treasurer of the State the sum of $32, being one-fortieth of the value thereof, together with his obligation for the remainder, as provided by law.

His petition should show such facts as would entitle him to enforce his right to purchase the land, and in this respect it is fatally defective.

There was no error in sustaining the demurrers to the appellant's petition in intervention, and the judgment of the court below will be affirmed.

*Affirmed.*

Delivered March 30, 1893.